UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:15-cr-0195-SEB-TAB |
| | ) | |
| TONY MICHAEL, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petitions for Warrant or Summons for Offender Under Supervision ("Petition") filed on October 20, 2021, and January 7, 2022, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 7, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 7, 2022, defendant Tony Michael appeared in person with his appointed counsel, Joseph Cleary. The government appeared by Cindy Cho, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Jason Nutter who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Michael of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Michael questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Michael and his counsel, who informed the court they had reviewed the Petition and that Mr. Michael understood the violations alleged. Mr. Michael waived further reading of the Petition.

3. The court advised Mr. Michael of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Michael was advised of the rights he would have at a preliminary hearing. Mr. Michael stated that he wished to waive his right to a preliminary hearing and the court found probable cause.

4. The court advised Mr. Michael of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Michael, by counsel, stipulated that he committed Violation Numbers 2, and 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program."** |

> > Tony Michael was referred to CenterStone of Columbus for a substance abuse evaluation on August 8, 2021, due to his relapse with methamphetamine. The probation officer contacted CenterStone on October 18, 2021, and they reported Mr. Michael had not attended an assessment or treatment.
>
> 3   **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licenses medical practitioner."**
>
> > Mr. Michael submitted urine samples on July 7 and 15, 2021, that tested positive for methamphetamine.

6. Government orally moved to withdraw violation numbers 1 and 4 and the same was granted.

7. The court placed Mr. Michael under oath and directly inquired of Mr. Michael whether he admitted Violation numbers 2 and 3 of his supervised release set forth above. Mr. Michael admitted the violations as set forth above.

8. The parties and the USPO further stipulated:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Michael's criminal history category is V.

   (c) The range of imprisonment applicable upon revocation of Mr. Michael's supervised release, therefore, is 18 - 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties jointly recommended a sentence of ninety (90) days with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, TONY MICHAEL, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of

the Attorney General or his designee for a period of ninety (90) days with no supervised release to follow. The court determines this to be a reasonable resolution in that Mr. Michael suffers from a very serious health condition that will require frequent treatment. The court further recommends that designation be expedited and that Mr. Michael be designated to a facility with due regard to his serious medical condition.

Counsel for the parties and Mr. Michael stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. '636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Michael entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. '3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Michael's supervised release, imposing a sentence of ninety (90) days with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The magistrate judge further recommends that designation be expedited and that Mr. Michael be designated to a facility with due regard to his serious medical condition.

IT IS SO RECOMMENDED.

Date: 1/7/2022

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system